S. Jacobs, Bernheim & Co. v. The Augusta Co-operative Association.

(No. 2212.)

Appeal from Houston County. Opinion by White, P. J.

Nunn & Aldrich, for appellants.

No counsel appeared for appellee.

§ **231.** *Private corporation; may be created for mercantile business; case stated.* Appellants instituted this suit in the county court against twenty-eight parties as partners engaged in and conducting a mercantile business at the town of Augusta in the county of Houston, under the firm, name and style of "The Augusta Co-operative Association," the cause of action being an open account for goods, etc., amounting to $224. Appellees answered under oath denying the alleged partnership, and pleaded specially that they were a private corporation duly incorporated under the name of "The Augusta Co-operative Association," that said corporation had been dissolved, and that they nor either of them were indebted in any sum whatever to said corporation. Trial was had before the court without a jury, and the court sustained appellees' denial of partnership, and special plea,

and rendered judgment in favor of appellants against "The Augusta Co-operative Association" as a private corporation, and refused to render judgment against appellees individually. *Held*, the judgment is correct. It is insisted for appellants that "The Augusta Co-operative Association" was created for the purpose of owning and managing a mercantile establishment for the mutual profit and benefit of its members, and that the laws of this state do not provide for a corporation for such purposes." In the general laws with regard to private corporations and their creation it is provided by article 566, Revised Statutes, "that the purposes for which private corporations may be formed are,"—then follows the enumeration of twenty-six specific purposes, after which in the same article is the general clause declaring that such corporation may be created "for any other purpose intended for mutual profit or benefit not otherwise especially provided for, and not inconsistent with the constitution and laws of this state." Referring to this clause, the supreme court, in Navigation Co. v. Galveston County, 45 Tex. 290, say, it "is controlled by the subject to which it relates, and refers to objects of the character of those named in the act." Applying this construction to this case, we are of the opinion that a co-operative association for the purpose of carrying on a mercantile business is of a character with the other purposes named in the act, and is authorized thereby, and is not inconsistent with the constitution or laws of this state.

February 5, 1887.        Affirmed.